

FILED
CLERK, U S DISTRICT COURT

**OCT 1 7 2007**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPU

DOCKETED ON CM

OCT 1 8 2007

BY _____ 002

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles D. Skinner, et al., ) | Case No. **CV 07-3923-JFW (JTLx)** |
| )<br>Plaintiff, )<br>) | **SCHEDULING AND CASE MANAGEMENT ORDER** |
| v. )<br>) | **SEE LAST PAGE FOR TRIAL AND** |
| Northrop Grumman Pension )<br>Plan, et al., )<br>) | **PRE-TRIAL DATES** |
| Defendants. ) | |

The purpose of this Order is to enable the parties and their counsel to know well in advance the schedule that will govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.  Ordinarily, the dates set forth on the last page are determined after consultation with the parties at the Fed.R.Civ.P. 16(b) Scheduling Conference and this Order is distributed to them at that time.  Accordingly, the dates and requirements are firm. The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing. **Because this Order in some respects modifies the applicable Local Rules, counsel are advised to read it carefully to**

1  avoid default on the obligations established herein.   Counsel

2  are advised to pay particular attention to the requirements

3  of the Court with respect to the filing of motions for

4  summary judgment and documents to be submitted at the Pre-

5  Trial Conference and Trial.

6        IT IS HEREBY ORDERED:

7  **1.   DISCOVERY**

8        All discovery shall be completed by the discovery cut-off

9  date specified on the last page of this Order.   **THIS IS NOT**

10 **THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS**

11 **THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY,**

12 **IS TO BE COMPLETED.**

13       Any motion challenging the adequacy of responses to

14 discovery must heard sufficiently in advance of the discovery

15 cut-off date to permit the responses to be obtained before

16 that date if the motion is granted.

17       In an effort to provide further guidance to the parties,

18 the Court notes the following:

19       **(a)   Depositions**

20       All depositions shall be scheduled to commence

21 sufficiently in advance of the discovery cut-off date to

22 permit their completion and to permit the deposing party

23 enough time to bring any discovery motions concerning the

24 deposition prior to the cut-off date.

25       **(b)   Written Discovery**

26       All interrogatories, requests for production of

27 documents, and requests for admissions shall be served

28 sufficiently in advance of the discovery cut-off date to

1  permit the discovering party enough time to challenge (via
2  motion practice) responses deemed to be deficient.

3      **(c)   Discovery Motions**

4      Whenever possible, the Court expects the parties to
5  resolve discovery issues among themselves in a courteous,
6  reasonable, and professional manner.  If they do so, resort
7  to the Court for guidance in discovery is seldom necessary.
8  The Magistrate Judge assigned to this case will rule on
9  discovery motions.

10     **(d)   Expert Discovery**

11     If expert witnesses are to be called at trial, the
12 parties shall designate <u>affirmative</u> experts to be called at
13 trial and shall provide reports required by Fed.R.Civ.P.
14 26(a)(2)(B) not later than eight weeks prior to the discovery
15 cut-off date.  <u>Rebuttal</u> expert witnesses shall be designated
16 and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B)
17 not later than five weeks prior to the discovery cut-off
18 date.  Any non-retained expert designated by a party as an
19 affirmative or rebuttal expert shall also prepare and provide
20 an expert report in the form described by Fed.R.Civ.P.
21 26(a)(2)(B).  Expert witnesses will be bound by the opinions
22 expressed in their reports prepared in accordance with
23 Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer
24 new matters at trial.  Failure to timely comply with this
25 deadline will result in the expert being excluded at trial as
26 a witness.

27 / / /

28 / / /

## 2.   MOTIONS - GENERAL PROVISIONS

All law and motion matters, except for motions in limine, must be set for <u>hearing</u> (not filing) by the motion cut-off date specified on the last page of this Order.  The Court will deny or strike late-filed motions.  If the Court concludes that a motion can be resolved without argument, the Court will notify the parties in advance.

The parties must adhere to the requirements of the Local Rules.  *See* Local Rules 7-1, *et seq*.  If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion in accordance with Local Rule 7-9.  The parties should note that failure to meet the time limits for filing an opposition set forth in Local Rule 7-9 shall be deemed consent to the granting of the motion. *See* Local Rule 7-12.

The title page of all motions must state the Pre-Trial Conference date and the Trial date.  To insure that the Court receives oppositions and replies in a timely fashion, courtesy copies, conformed to reflect that they have been filed, should be deposited in the drop box located in the entrance way to Chambers.

Issues left undetermined after the passage of the motion cut-off date should be listed as issues for trial in the Pre-Trial Conference Order.  As an exception to the above, motions in limine dealing with evidentiary matters may be heard pursuant to the schedule specified on the last page of this Order, however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

1  Ex parte practice is strongly discouraged.  *See Mission*
2  *Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488
3  (C.D. Cal. 1995).  The Court will require strict adherence to
4  proper ex parte procedures for any ex parte application filed
5  with the Court.  *Id.* at 492; *see also* Local Rule 7-19.

6  **(a)  Applications and Stipulations to Extend Time**

7  No applications or stipulations extending the time to
8  file any required document or to continue any date are
9  effective until and unless the Court approves them.
10 Applications and/or stipulations to extend the time to file
11 any required document or to continue any hearing, Pre-Trial
12 date, or the Trial date must set forth the following:

13 (i)  the existing due date or hearing date, as well
14 as all dates currently set by the Court in this Order,
15 including the discovery cut-off date, the Pre-Trial
16 Conference date, and the Trial date;

17 (ii) the new dates proposed by the parties;

18 (iii) specific, concrete reasons supporting good
19 cause for granting the extension; and

20 (iv) whether there have been prior requests for
21 extensions by any party, and whether those requests were
22 granted or denied by the Court.

23 **(b)  Joinder of Parties and Amendment of Pleadings**

24 The deadline for joining parties and amending pleadings
25 is ninety days after the date of the Scheduling Conference.
26 Any motions to join other parties or for leave to amend the
27 pleadings shall be filed within sixty days of the date of the
28 Scheduling Conference so that they can be heard and decided

1  prior to the deadline.

2      In addition to the requirements of Local Rule 15-1, all

3  motions to amend the pleadings shall: (1) state the effect of

4  the amendment; (2) be serially numbered to differentiate the

5  amendment from previous amendments; and (3) state the page,

6  line number(s), and wording of any proposed change or

7  addition of material.  The parties shall deliver to Chambers

8  a redlined version of the proposed amended pleading

9  indicating all additions and/or deletions of material.

10     **(c)  Withdrawal or Substitution of Counsel**

11     The Court will not grant a request for approval of

12  substitution of counsel after an action has been set for

13  trial unless: (1) counsel files the request using the most

14  recent version of the appropriate forms provided on the

15  Court's website; and (2) the request is accompanied by a

16  declaration signed by a substituting attorney indicating that

17  such attorney has been advised of the trial date and will be

18  prepared to proceed with trial as scheduled.  Any request for

19  substitution of counsel which is not on the proper form or is

20  not accompanied by a declaration signed by a substituting

21  attorney as set forth above will be denied.

22     Counsel who wish to withdraw and substitute their client

23  *pro se* must file a regularly noticed motion to withdraw which

24  demonstrates good cause for the request to withdraw.  The

25  Court will not consider such a motion unless: (1) the motion

26  is accompanied by a declaration signed by the client

27  indicating that the client consents to the withdrawal, has

28  been advised of the time and date of trial, and will be

1  prepared to represent themselves *pro se* on the scheduled

2  trial date; or (2) the court is otherwise satisfied for good

3  cause shown that the attorney should be permitted to

4  withdraw.

5  **3.   SUMMARY JUDGMENT MOTIONS**

6  The Court will only entertain ONE summary judgment motion

7  by a party.  In the event a party believes that more than one

8  summary judgment motion is necessary to expedite the

9  resolution of issues in the action, the party must obtain

10  leave of court to file more than one summary judgment motion.

11  The Court will require strict adherence to the following

12  requirements:

13      (a)   **Separate Statement Of Uncontroverted Facts and**

14          **Statement of Genuine Issues of Material Fact**

15  The Separate Statement of Uncontroverted Facts is to be

16  prepared in a two column format.  The left hand column should

17  set forth the allegedly undisputed fact.  The right hand

18  column should set forth the evidence that supports the

19  factual statement.  The factual statements should be set

20  forth in sequentially numbered paragraphs.  Each paragraph

21  should contain a narrowly focused statement of fact.  Each

22  numbered paragraph should address a single subject in as

23  concise a manner as possible.

24  The opposing party's Statement of Genuine Issues of

25  Material Fact must track the movant's Separate Statement

26  exactly as prepared.  The document must be in two columns;

27  the left hand column must restate the allegedly undisputed

28  fact, and the right hand column must indicate either

1   undisputed or disputed.  The opposing party may dispute all
2   or only a portion of the statement, but if disputing only a
3   portion, must clearly indicate what part is being disputed.
4   Where the opposing party is disputing the fact in whole or
5   part, the opposing party must, in the right hand column,
6   label and restate the moving party's evidence in support of
7   the fact, followed by the opposing party's evidence
8   controverting the fact.  Where the opposing party is
9   disputing the fact on the basis of an evidentiary objection,
10  the party must cite to the evidence alleged to be
11  objectionable and state the ground of the objection and
12  nothing more.  **No argument should be set forth in this**
13  **document.**

14       The opposing party may submit additional material facts
15  that bear on or relate to the issues raised by the movant,
16  which shall follow the format described above for the moving
17  party's Separate Statement.  These additional facts shall
18  follow the movant's facts, shall continue in sequentially
19  numbered paragraphs (*i.e.*, if movant's last statement of fact
20  was set forth in paragraph 30, then the first new fact will
21  be set forth in paragraph 31), and shall set forth in the
22  right hand column the evidence that supports that statement.
23       The moving party, in its reply, shall respond to the
24  additional facts in the same manner and format that the
25  opposing party is required to adhere to in responding to the
26  Statement of Uncontroverted Facts, as described above.
27  / / /
28  / / /

(b)  **Supporting Evidence**

No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  Thus, for example, entire sets of interrogatory responses, or documents that do not specifically support or controvert material in the Separate Statements should not be submitted in support of or in opposition to a motion for summary judgment.  Any such material will not be considered.

Evidence submitted in support of or in opposition to a motion for summary judgment should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities.  The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If a party wishes to offer deposition testimony in support of or in opposition to a motion for summary judgment, that party shall provide the Court with a courtesy copy of the entire transcript of each deposition referenced.  The party shall also prepare and file a separate document for each deponent which contains only those questions and

1  answers, and any objections made at the time of the

2  deposition to those questions, that a party is relying on to

3  support their motion, with a citation to the appropriate page

4  and line number(s) in the deposition transcript.

5      All evidence in support of or in opposition to a motion

6  for summary judgment, including declarations and exhibits to

7  declarations, shall be separated by a tab divider on the

8  bottom of the page.  If evidence in support of or in

9  opposition to a motion for summary judgment exceeds twenty

10 pages, the evidence must be in a separately bound volume and

11 include a Table of Contents.  If the supporting evidence

12 exceeds fifty pages, the Court's courtesy copy of the

13 supporting evidence shall be placed in a slant D-ring binder

14 with each item of evidence separated by a tab divider on the

15 right side.  All documents contained in the binder must be

16 three hole punched with the oversized 13/32" hole size, not

17 the standard 9/32" hole size.

18     In addition to the foregoing, the parties shall meet and

19 confer and prepare a binder containing a joint set of all

20 exhibits relied on by the parties in support of and in

21 opposition to the motion for summary judgment.  The parties

22 shall also prepare a table of contents for the exhibit binder

23 which specifically describes each exhibit (i.e. Plaintiff's

24 Exhibit 1 - Letter from John Doe to Jane Doe dated January 1,

25 2007 Re: Reasons for Jane Doe's termination).  The parties

26 shall provide the exhibit binder as a courtesy copy to the

27 Court in conjunction with the filing of the Reply.

28 / / /

(c)  **Objections to Evidence**

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Separate Statement but not argued in that document.  Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the Separate Statement in sequence**.  It should identify the specific item of evidence to which objection is made, or in the case of deposition testimony it should quote the relevant testimony, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format contemplated by the Court:

Separate Statement Paragraph 1: Objection to the supporting deposition testimony of Jane Smith [quote testimony] at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable.  To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENTS OF UNDISPUTED FACT. THESE WILL BE DISREGARDED AND OVERRULED.**

(d)  **The Memorandum of Points and Authorities**

The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should

1 contain a narrative statement of facts as to those aspects of
2 the case that are before the Court.  All facts should be
3 supported with citations to the paragraph number in the
4 Separate Statement that supports the factual assertion <u>and</u>
5 <u>not to the underlying evidence</u>.

6     Unless the case involves some unusual twist, the motion
7 need only contain a brief statement of the Fed.R.Civ.P. 56
8 standard; the Court is familiar with the Rule and with its
9 interpretation under *Celotex* and its progeny.  If at all
10 possible, the argument should be organized to focus on the
11 pertinent elements of the claim(s) for relief or defense(s)
12 in issue, with the purpose of showing the existence or non-
13 existence of a genuine issue of material fact for trial on
14 that element of the claim or defense.

15     Likewise, the opposition memorandum of points and
16 authorities should be in the usual form required by Local
17 Rule 7.  Where the opposition memorandum sets forth facts,
18 the memorandum should cite to paragraphs in the Separate
19 Statement if they are not in dispute, to the evidence that
20 contravenes the fact where the fact is in dispute, or, if the
21 fact is contravened by an additional fact in the Statement of
22 Genuine Issues of Material Fact, the citation should be to
23 such fact by paragraph number.

24     **(e)  <u>Proposed Statement of Decision</u>**

25     Each party shall file and serve a Proposed Statement of
26 Decision, which shall contain a statement of the relevant
27 facts and applicable law with citations to case law and the
28 record.  The Proposed Statement of Decision shall not exceed

1 | five pages and shall be in a form that would be appropriate
2 | for the Court to enter as its final order on the motion.
3 |     **(f)  Timing**
4 |     In virtually every case, the Court expects that the
5 | moving party will provide more than the minimum twenty-one
6 | day notice for such motions. **[NOTE: Parties need not wait**
7 | **until the motion cut-off to bring motions for summary**
8 | **judgment or partial summary judgment. Early completion of**
9 | **non-expert discovery and filing of motions for summary**
10 | **judgment may eliminate or reduce the need for expensive**
11 | **expert depositions which are normally conducted in the last**
12 | **stages of discovery.]**
13 |     **Caveat:  Failure to respond to a Motion for Summary**
14 | **Judgment or Partial Summary Judgment ("Motion") will be**
15 | **deemed by the Court as consent to the granting of the Motion.**
16 | **4.   MOTIONS IN LIMINE**
17 |     Before filing any motion in limine, counsel for the
18 | parties shall confer in a good faith effort to eliminate the
19 | necessity for hearing the motion in limine or to eliminate as
20 | many of the disputes as possible.  It shall be the
21 | responsibility of counsel for the moving party to arrange for
22 | this conference.  The conference shall take place in person
23 | within ten calendar days of service upon opposing counsel of
24 | a letter requesting such conference, but in no event later
25 | than twenty-one days before the Pre-Trial Conference.  Unless
26 | counsel agree otherwise, the conference shall take place at
27 | the office of the counsel for the moving party.  If both
28 | counsel are not located in the same county in the Central

13

1  District, the conference may take place by telephone.  The
2  moving party's letter shall identify the testimony, exhibits,
3  or other specific matters alleged to be inadmissible and/or
4  prejudicial, shall state briefly with respect to each such
5  matter the moving party's position (and provide any legal
6  authority which the moving party believes is dispositive),
7  and shall specify the terms of the order to be sought.

8      If counsel are unable to resolve their differences, they
9  shall prepare a separate, sequentially numbered Joint Motion
10 in Limine for each issue in dispute which contains a clear
11 caption which identifies the moving party and the nature of
12 the dispute (*i.e.*, "Plaintiff's Motion in limine #1 to
13 exclude the testimony of Defendant's expert").  Each Joint
14 Motion in Limine shall consist of one document signed by all
15 counsel.  The Joint Motion in Limine shall contain a clear
16 identification of the testimony, exhibits, or other specific
17 matters alleged to be inadmissible and/or prejudicial and a
18 statement of the specific prejudice that will be suffered by
19 the moving party if the motion is not granted.  The
20 identification of the matters in dispute shall be followed by
21 each party's contentions and each party's memorandum ofpoints
22 and authorities.  The title page of the Joint Motion in
23 Limine must state the Pre-Trial Conference date, hearing
24 date for the motions in limine, and the Trial date.

25     Joint Motions in Limine made for the purpose of
26 precluding the mention or display of inadmissible and/or
27 prejudicial matter in the presence of the jury shall be
28 accompanied by a declaration that includes the following:

14

(1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

All evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page.  If evidence in support of or in opposition to a motion in limine exceeds twenty pages, the evidence must be in a separately bound volume and include a Table of Contents.  If the supporting evidence exceeds fifty pages, the Court's courtesy copy of the supporting evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

1    The Court will not consider any motion in limine in the
2    absence of a joint motion or a declaration from counsel for
3    the moving party establishing that opposing counsel: (a)
4    failed to confer in a timely manner; (b) failed to provide
5    the opposing party's portion of the joint motion in a timely
6    manner; or (c) refused to sign and return the joint motion
7    after the opposing party's portion was added.

8    Unless otherwise ordered by the Court, motions in limine
9    will be heard on the date specified on the last page of this
10   Order.  Unless the Court in its discretion otherwise allows,
11   no motions in limine shall be filed or heard on an ex parte
12   basis, absent a showing of irreparable injury or prejudice
13   not attributable to the lack of diligence of the moving
14   party.

15   The failure of any counsel to comply with or cooperate in
16   the foregoing procedures will result in the imposition of
17   sanctions, including a resolution of the issue against the
18   party refusing to cooperate.

19   **5.   PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

20       **(a)  General Provisions**

21   The Pre-Trial Conference ("PTC") will be held on the date
22   specified on the last page of this Order, unless the Court
23   expressly waived a PTC at the Scheduling Conference.  If
24   adjustments in the Court's calendar to accommodate congestion
25   become necessary, the Court may re-schedule the PTC instead
26   of the trial date.  Therefore, the parties should assume that
27   if the PTC goes forward, the trial _will_ go forward without
28   continuance, although some brief period of trailing may prove

16

necessary.

The lead trial attorney on behalf of each party shall attend both the PTC and all meetings of the parties in preparation for the PTC, unless excused for good cause shown in advance of the PTC.

A continuance of the PTC at the parties' request or by stipulation is <u>highly</u> unlikely. **Specifically, failure to complete discovery is not a ground for continuance.** In the unlikely event that the Court agrees to continue the PTC, the trial date is likely to be delayed as a result. If a change in the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts; narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination; and qualification of experts by admitted resumes. The Court will also discuss settlement.

**(b)    Form of Pre-Trial Conference Order ("PTCO")**

The proposed PTCO shall be lodged by the date specified on the last page of this Order. Adherence to this time requirement is necessary for in-chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

1    (i)  Place in "ALL CAPS" and in **bold** the separately
2    numbered headings for each category in the PTCO (*e.g.*, "**1.
3    THE PARTIES**" or "**7.   CLAIMS AND DEFENSES OF THE PARTIES**").

4    (ii) Include a Table of Contents at the beginning.

5    (iii) In specifying the surviving pleadings under
6    Section 1, state which claims or counterclaims have been
7    dismissed or abandoned (*e.g.*, "Plaintiff's second cause of
8    action for breach of fiduciary duty has been dismissed.").
9    Also, in multiple party cases where not all claims or
10   counterclaims will be prosecuted against all remaining
11   parties on the other side, specify to which party each claim
12   or counterclaim is directed.

13   (iv) In drafting the PTCO, the Court expects that
14   the parties will attempt to agree on and set forth as many
15   uncontested facts as possible.  The Court will usually read
16   the uncontested facts to the jury at the start of the trial.
17   A carefully drafted and comprehensively stated stipulation of
18   facts will reduce the length of trial and increase jury
19   understanding of the case.

20   **(v)  In specifying the parties' claims and defenses**
21   **in Section 7 of the PTCO, each party shall closely follow the**
22   **examples set forth in Appendix A of the Local Rules.**

23   (vi) The Court may submit fact issues to the jury in
24   the form of findings on a special verdict.  The issues of
25   fact should track the elements of a claim or defense on which
26   the jury will be required to make findings.

27   (vii) If expert witnesses are to be called at trial,
28   each party must list and identify its respective expert

witnesses, both retained and non-retained.  Failure of a party to list and identify an expert witness in the PTCO shall preclude the party from calling that expert witness at trial.

(c)   **Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists**

The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with the Local Rules.  See the last page of this Order for applicable dates.

(d)   **Summary of Witness Testimony and Time Estimates**

Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness's expected testimony, an estimate of the length of time needed for direct examination, and whether the witness will testify by deposition or in person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall jointly file a single list of witness testimony summaries, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.**  The joint witness testimony summaries shall be filed at the same time counsel lodge the PTCO.  If a party intends to offer deposition testimony into evidence at trial, the party shall comply with the requirements of Local Rule 16-2.7.

/ / /

1    **(e)  Pre-Trial Exhibit Stipulation**

2    The parties shall prepare a Pre-Trial Exhibit Stipulation

3    which shall contain each party's numbered list of all trial

4    exhibits, with objections, if any, to each exhibit including

5    the basis of the objection and the offering party's response.

6    All exhibits to which there is no objection shall be deemed

7    admitted.  All parties shall stipulate to the authenticity of

8    exhibits whenever possible, and the Pre-Trial Exhibit

9    Stipulation shall identify any exhibits for which

10   authenticity has not been stipulated to and the specific

11   reasons for the party's failure to stipulate.

12   The Stipulation shall be substantially in the following

13   form:

14   <u>Pre-Trial Exhibit Stipulation</u>

15   <u>Plaintiff(s)' Exhibits</u>

16   <u>Number</u>  <u>Description</u>      <u>If Objection, State Grounds</u>   <u>Response to Objection</u>

17

18   <u>Defendant(s)' Exhibits</u>

19   <u>Number</u>  <u>Description</u>      <u>If Objection, State Grounds</u>   <u>Response to Objection</u>

20

21   The Pre-Trial Exhibit Stipulation shall be filed at the

22   same time counsel lodge the PTCO.  Failure to comply with

23   this paragraph shall constitute a waiver of all objections.

24   **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

25   **OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND**

26   **OVERRULED.**

27   / / /

28   / / /

20

1    **(f) Jury Instructions, Verdict Forms, Special**

2    **Interrogatories**

3            (i)  Fourteen days before the Local Rule 16-2

4    meeting, the parties shall exchange proposed jury

5    instructions, verdict forms, and special interrogatories.

6    Seven days before the meeting, counsel shall exchange written

7    objections, if any, to proposed jury instructions, verdict

8    forms, and special interrogatories.  At the Local Rule 16-2

9    meeting, the parties shall confer with the objective of

10   submitting one set of agreed upon substantive instructions, a

11   verdict form, and, if necessary, special interrogatories.

12   "Substantive jury instructions" means all instructions

13   relating to the elements of all claims and defenses in the

14   case.  At the time the documents are filed, the parties

15   should deliver to Chambers a copy of these filings on a

16   diskette formatted using WordPerfect version 7.0 or higher.

17   **Counsel shall not submit proposed preliminary instructions to**

18   **be given to the jury prior to opening statements.  The Court**

19   **will use its own instructions which are patterned after the**

20   **preliminary instructions set forth in the Ninth Circuit**

21   **Manual of Model Jury Instructions (West Publishing, most**

22   **recent edition).**

23           (ii) If the parties cannot agree upon one complete

24   set of substantive instructions, a verdict form, and/or

25   special interrogatories, they shall file two documents with

26   the Court: a joint document reflecting the agreed upon

27   instructions, verdict form, and/or special interrogatories;

28   and a second document in the form of a joint statement

21

1  regarding the disputed instructions, verdict form, and/or
2  special interrogatories in the following format for each
3  instruction, verdict form, and/or special interrogatories in
4  issue:

5          (a) A separate page containing the text of the
6          disputed language with an identification of the
7          party proposing it;

8          (b) Following the text of the disputed language, the
9          opposing party's statement of objections to the
10         disputed language along with legal authority in
11         support of the argument (not to exceed <u>one</u> page) and
12         proposed alternative language where appropriate; and

13         (c) The proposing party's response to the objection
14         with legal authority supporting the proposed
15         language, not to exceed <u>one</u> page.

16         Both the agreed upon set, and the joint statement
17  re: disputed instructions, verdict form, and/or special
18  interrogatories are to be filed with the Pre-Trial Conference
19  Order and other Local Rule 16 documents.

20         (iii) All proposed jury instructions shall be in the
21  format specified by Local Rule 51-2.  Additionally, each
22  proposed instruction, whether agreed upon or disputed, shall
23  reference the claim for relief to which it relates and shall
24  also cite to the PTCO.  The Court will send a copy of the
25  instructions into the jury room for the jury's use during
26  deliberations.  Accordingly, in addition to the file copies
27  described above, the diskette submitted with the jury
28  instructions shall contain a "clean set" of Joint Proposed

1  and/or Disputed Jury Instructions, containing only the text
2  of each instruction set forth in full on each page, with the
3  caption "Court's Instruction No. ___" (eliminating titles,
4  supporting authority, indication of party proposing, etc.).

5          **(iv) A Table of Contents shall be included with all**
6  **jury instructions (both the agreed upon set and the joint**
7  **statement re: disputed instructions) submitted to the Court.**
8  The Table of Contents shall set forth the following:

9          (a)  The number of the instruction;

10          (b)  A brief title of the instruction;

11          (c)  The source of the instruction; and

12          (d)  The page number of the instruction.

13  For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. Manual of Model Jury Instr. 5.1 | 5 |

18          (v)  The Court directs counsel to use the
19  instructions from the Ninth Circuit Manual of Model Jury
20  Instructions (West Publishing, most recent edition) where
21  applicable.  Where California law is to be applied and the
22  above instructions are not applicable, the Court prefers
23  counsel to use the Judicial Council of California Civil Jury
24  Instructions ("CACI") (LexisNexis Matthew Bender, most recent
25  edition).  If neither of these sources is applicable, counsel
26  are directed to use the instructions from O'Malley, Grenig
27  and Lee, Federal Jury Practice and Instructions (most recent
28  edition).

1    (vi) Modifications of instructions from the
2  foregoing sources (or any other form instructions) must
3  specifically state the modification made to the original form
4  instruction and the authority supporting the modification.

5    **Caveat:  The failure of any counsel to comply with or**
6  **cooperate in all of the foregoing procedures regarding jury**
7  **instructions and/or verdict forms will constitute a waiver of**
8  **all objections to the jury instructions and/or verdict form**
9  **used by the Court.**

10    **(g)  Real-Time Reporting Requirement**
11    Each party must file with the Court, at the same time
12  counsel lodge the PTCO, a document for the Court Reporter
13  which contains proper names, unusual or scientific terms, or
14  any other foreign or uncommon words that are likely to be
15  used by the parties during the PTC and the Trial.  Each party
16  shall also provide a copy of the document in electronic
17  format to Chambers at the time of filing.

18    **(h)  Joint Statement of the Case and Requests for Voir**
19  **Dire**
20    At the Pre-Trial Conference, the parties shall file their
21  proposed voir dire questions and their joint statement of the
22  case which the Court shall read to all prospective jurors
23  prior to the commencement of voir dire.  The statement should
24  be not longer than two or three paragraphs.

25    The Court conducts voir dire of all prospective jurors.
26  The parties need not submit requests for standard voir dire
27  questions, such as education, current occupation, marital
28  status, prior jury service, etc., but should include only

1  proposed questions specifically tailored to the parties and

2  issues of the case.

3  **6.    COURT TRIALS**

4  **(a)  Declarations of Witness Direct Testimony**

5  Counsel in non-jury trials shall submit the direct

6  testimony of their witnesses in writing in a declaration

7  executed under penalty of perjury.  These declarations shall

8  be in admissible form with appropriate foundation established

9  for the declarant's statements.  Paragraphs in each

10 declaration shall be numbered consecutively to facilitate the

11 identification of paragraphs for evidentiary objections.

12 Counsel are to exchange and file these declarations with

13 the Court at least eleven calendar days before trial, unless

14 otherwise ordered by the Court.  Seven calendar days before

15 trial, counsel may file evidentiary objections to those

16 declarations.  Counsel shall prepare a separate document for

17 each declaration for which they have an evidentiary objection

18 in which they shall quote the specific language from the

19 declaration to which they object, followed by the objection

20 and any relevant argument.  Counsel shall file any reply or

21 response to the objections by noon on the fourth calendar day

22 before trial.  Courtesy copies of the declarations and

23 evidentiary objections shall be deposited in the drop box

24 located in the entrance way to Chambers on the date due.

25 **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

26 **OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE**

27 **DISREGARDED AND OVERRULED.**

28 / / /

1   At trial, the Court will rule on the evidentiary

2   objections and, depending upon the ruling, the declarations

3   will be received in evidence, either in whole or in part, or

4   rejected.  Counsel will then conduct the cross-examination

5   and re-direct examination at trial.

6   Failure to comply with the literal terms of this Order

7   will result in sanctions or the Court may refuse to allow

8   that witness to testify.

9   **(b)  Trial Briefs**

10  Counsel for each party shall file and serve a trial

11  brief, not to exceed 15 pages in length, by the date

12  specified on the last page of this Order.

13  **(c)  Findings of Fact and Conclusions of Law**

14  Counsel for each party shall lodge and serve initial

15  proposed findings of fact and conclusions of law by the date

16  specified on the last page of this Order.  Counsel for each

17  party shall then:

18  (1) Underline in red the portions which it disputes;

19  (2) Underline in blue the portions which it admits; and

20  (3) Underline in yellow the portions which it does not

21  dispute, but deems irrelevant.

22  Counsel may agree with a part of a finding or conclusion,

23  disagree with a part of it, and/or consider a part of it

24  irrelevant.

25  Two marked copies of opposing counsel's proposed findings

26  of fact and conclusions of law shall be lodged with the Court

27  seven days before trial and one marked copy shall be served

28  on opposing counsel.  Courtesy copies of the marked copies

26

1  shall be deposited in the drop box located in the entrance

2  way to Chambers on the date due.  In addition to hard copies,

3  the parties shall submit the initial proposed findings of

4  fact and conclusions of law on a diskette formatted using

5  WordPerfect version 7.0 or higher.

6  **7.   SETTLEMENT**

7       This Court will not conduct settlement conferences in

8  non-jury cases which the Court will try unless counsel for

9  all parties and their respective clients agree either in

10 writing or on the record.  In jury cases, the Court will

11 conduct a settlement conference at the parties' joint request

12 if three conditions exist:

13      (a)   The parties are satisfied that the fact issues in

14 the case will be tried to a jury;

15      (b)   All significant pre-trial rulings which the Court

16 must make have been made; and

17      (c)   The parties desire the Court to conduct the

18 conference, understanding that if settlement fails, the Court

19 will preside over trial of the case.

20      The parties must file a Status Report re: Settlement at

21 the time they lodge the Proposed Pre-Trial Conference Order.

22 The Status Report shall include the name and phone number of

23 the Settlement Officer who assisted the parties with their

24 settlement conference.

25      **Caveat:  If counsel fail to file the required Pre-Trial**

26 **documents or fail to appear at the Pre-Trial Conference and**

27 **such failure is not otherwise satisfactorily explained to the**

28 **Court: (a) the cause shall stand dismissed for failure to**

27

1    prosecute if such failure occurs on the part of the

2    plaintiff; (b) default judgment shall be entered if such

3    failure occurs on the part of the defendant; or (c) the Court

4    may take such action as it deems appropriate.

5

6    DATED:    October 17, 2007

     JOHN F. WALTER
7                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|--------|------|--------------------|------------------------|------------------------|-------------|
| Trial (court) Estimated length: _3_ days | 8:30 am | | | | 6/3/08 |
| [Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10.00 am | | | | N/A |
| [Court trial] Hearing on Motions in Limine; File Trial Briefs and Findings of Fact and Conclusions of Law | 10:00 am | | | | 5/20/08 |
| Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case | 10:00 am | | | | 5/23/08 |
| Lodge Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | | | | 5/16/08 |
| Last day for hearing motions * | 1:30 pm | | | | 5/5/08 |
| Discovery cut-off | | | | | 4/15/08 |

*[Nothing in this Order shall alter or reopen any deadline that has occurred ]*

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|--------|------|--------------------|------------------------|------------------------|-------------|
| Last day to conduct Settlement Conference | | | | | 4/1/08 |
| Last day to file Joint Report  re: results of Settlement Conference | | | | | 4/8/08 |

* Motions for class certification shall be filed in accordance with Local Rule 23-3.